**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Delama GEORGES *et al*.,

               Plaintiffs,
    v.

United Nations *et al*.,

               Defendants.

Civil Action No. 1:13-cv-07146-JPO


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR AFFIRMATION THAT SERVICE HAS BEEN MADE, OR IN**
**THE ALTERNATIVE, FOR SERVICE OF PROCESS BY ALTERNATIVE**
**MEANS AND TO EXTEND THE TIME TO EFFECTUATE SERVICE**

## **TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 5

I.   PLAINTIFFS' SERVICE UPON DEFENDANT UN BY MAIL AND FACSIMILE
SATISFIES THE REQUIREMENTS OF THE FEDERAL RULES OF CIVIL
PROCEDURE........................................................................................................... 6

   A.   Plaintiffs' diligent but unsuccessful efforts to serve the UN in this case
demonstrate that traditional service is impracticable. .................................................. 6

   B.   Service of process by mail and facsimile comports with the requirements of due
process in this case. ...................................................................................................... 8

II.   ALTERNATIVELY, THIS COURT SHOULD PERMIT SERVICE BY
CERTIFIED MAIL, FACSIMILE AND ELECTRONIC MAIL. ................................... 10

   A.   N.Y. Civil Practice Law and Rules (C.P.L.R.)—rendered applicable in this case
through the Federal Rules of Civil Procedure—permit service by alternate means when
service is impracticable. ............................................................................................... 10

   B.   Service by certified mail, facsimile and electronic mail are acceptable and
appropriate alternative methods of service that should be permitted in this case. ........ 11

III.   PLAINTIFFS SHOULD BE GRANTED AN EXTENSION OF TIME TO SERVE
PROCESS ON THE UN BY ALTERNATIVE MEANS................................................. 14

CONCLUSION............................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Arroyo v. Arroyo,* 351 N.Y.S.2d 536 (N.Y. Sup. Ct. 1974) ...................................................... 11

Complaint, Georges v. U.N. ................................................................................................. 14

*D.R.I., Inc. v. Dennis*, No. 03 Civ. 10026(PKL), 2004 WL 1237511 (S.D.N.Y. June 2, 2004) ............................................................................................................................. 8, 13

*David v. Total Identity Corp.*, 857 N.Y.S.2d 380 (N.Y. App. Div. 2008) .............................. 6

*Dobkin v. Chapman,* 21 N.Y.2d. 490 (N.Y. 1968) ................................................................ 11

*F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037 (S.D.N.Y Mar. 7, 2013) ............................................................................................................................... 14

*Hollow v. Hollow*, 747 N.Y.S.2d 704 (N.Y. Sup. Ct. 2002) .......................................... 11, 13

*Kelly v. Lewis*, 632 N.Y.S.2d 186 (N.Y. App. Div. 1995) ..................................................... 11

*Liebeskind v. Liebeskind*, 449 N.Y.S.2d 226 (N.Y. App. Div. 1982) ..................................... 7

*Markoff v. S. Nassau Cmty. Hosp.*, 458 N.Y.S.2d 672 (N.Y. App. Div. 1983), *aff'd* 473 N.Y.S.2d 766 (1984) ......................................................................................................... 6

*Metromedia Co. v. Cowan*, 13 CIV. 03787 LGS, 2013 WL 4780039 (S.D.N.Y. June 24, 2013) ................................................................................................................................. 7

*Mullane v. Cent. Hanover Trust Co.*, 339 U.S. 306 (1950) .................................................... 8

*Noble v. Crazetees.com*, No. 13-cv-5086 (PAE), slip op. (S.D.N.Y. Jan. 28, 2014) (J. Engelmayer) ................................................................................................................... 6, 9

*Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988(GBD), 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007) ........................................................................................ 8, 9, 13

*Rego v. Thom Rock Realty Co.*, 608 N.Y.S.2d 824 (N.Y. App. Div. 1994) ......................... 11

*Sadikoglu v. UNDP*, No. 11-cv-00294-PKC ................................................................. 13, 14

*Safadjou v. Mohammadi*, 964 N.Y.S.2d 801 (N.Y. App. Div. 2013) ............................... 6, 13

*Snyder v. Energy Inc.*, 857 N.Y.S.2d 442 (N.Y. Civ. Ct. 2008) ............................... 6, 13, 14

*Sybron Corp. v. Wetzel,* 403 N.Y.S.2d 931 (N.Y. App. Div. 1978) ..................................... 11

*United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262 (S.D.N.Y. 2012) ........... 12

**Statutes**

N.Y. C.P.L.R. § 308(5) .................................................................................................. 10, 11

N.Y. C.P.L.R. § 310(e) .................................................................................................. 10, 11

N.Y. C.P.L.R. § 311(b) .................................................................................................. 10, 11

**Other Authorities**

Lindstrom Declaration ............................................................................................. 7, 8, 9, 14

Order Granting Plaintiff's Motion to Extend Time and for Service by an Alternative Method (S.D.N.Y. May 9, 2011) (J. Castel) .................................................................. 13, 14

**Rules**

Fed. R. Civ. P. 4(d)(1) .......................................................................................................... 8

Fed. R. Civ. P. 4(e)(1) ......................................................................................................... 10

Fed. R. Civ. P. 4(h)(1)(A) ..................................................................................................... 7

Fed. R. Civ. P. d(1)(F) .......................................................................................................... 8

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs, by and through counsel, respectfully submit this Memorandum of Law in support of their Motion for Affirmation that Service Has Been Made or, in the Alternative, for Service of Process by Alternate Means and to Extend the Time to Effectuate Service.  Plaintiffs have made persistent, diligent and varied efforts to effect service of process upon Defendant United Nations ("UN").  On three separate occasions, Plaintiffs sent a process server to UN headquarters in New York, New York, and each time the server was denied access.  On two occasions, the UN instructed the process server to provide service by mail or facsimile.[1]  Plaintiffs complied with both of those requests, serving process via mail and via facsimile to a number provided by the UN. Despite verbally confirming receipt of the documents, the UN has not returned an acknowledgement of service or answered the summons.  Even so, there is no doubt that the UN is aware of this case, as it has specifically addressed it in public press briefings. Accordingly, Plaintiffs respectfully request that the Court affirm that the UN has been properly served, or, alternatively, that the Court extend time for service by thirty days (from February 6 to March 8, 2014) and permit service on the UN by certified mail, return receipt requested; facsimile and electronic mail; or by some other such alternative means as the Court deems appropriate, as set forth in the Proposed Orders submitted herewith.

## ARGUMENT

---

[1] In addition, also upon the UN's instruction, Plaintiffs attempted service at a UN building adjacent to the headquarters building, but the server was denied access by security there too.

I.   **PLAINTIFFS' SERVICE UPON DEFENDANT UN BY MAIL AND FACSIMILE SATISFIES THE REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

This Court recently held, in *Noble v. Crazetees.com*, that where "traditional service of [process] is impracticable and [alternative] service comports with the requirements of due process," such alternative service may be deemed "complete and effective."  No. 13-cv-5086 (PAE), slip op. at 1 (S.D.N.Y. Jan. 28, 2014) (J. Engelmayer) (granting a motion requesting that the Court declare that service had been sufficiently made by e-mail, after plaintiffs unsuccessfully attempted service by personal delivery at several locations).  *Noble*'s holding is applicable here.  After having made numerous unsuccessful attempts to accomplish service of process through the ordinary methods set forth in the Federal Rules of Civil Procedure, Plaintiffs completely and effectively served the UN via mail and facsimile by alternate methods—mail and facsimile, the very methods by which the UN requested that Plaintiffs accomplish service.

A.   ***Plaintiffs' diligent but unsuccessful efforts to serve the UN in this case demonstrate that traditional service is impracticable.***

Whether service of process is impracticable is "depend[ent] upon the facts and circumstances of the particular case." *Markoff v. S. Nassau Cmty. Hosp.*, 458 N.Y.S.2d 672, 673 (N.Y. App. Div. 1983), *aff'd* 473 N.Y.S.2d 766 (1984); *see also Safadjou v. Mohammadi*, 964 N.Y.S.2d 801, 803 (N.Y. App. Div. 2013).  As a general rule, the impracticability requirement is met where plaintiffs make a showing that service cannot be made by a statutorily prescribed method.  *Snyder v. Energy Inc.*, 857 N.Y.S.2d 442, 446 (N.Y. Civ. Ct. 2008); *David v. Total Identity Corp.*, 857 N.Y.S.2d 380, 381-82 (N.Y. App. Div. 2008) (citations omitted).  Such a showing requires "somewhat less than …'due diligence,'" meaning that proof of "specific instances of attempted service" is

sufficient but not necessary. *Liebeskind v. Liebeskind*, 449 N.Y.S.2d 226, 229 (N.Y. App. Div. 1982); *see also Metromedia Co. v. Cowan*, 13 CIV. 03787 LGS, 2013 WL 4780039, at *1 (S.D.N.Y. June 24, 2013) ("the impracticability standard … does not require the applicant to satisfy the more stringent standard of 'due diligence' … or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken").

Plaintiffs have met, and indeed surpassed, the impracticability standard by making numerous diligent attempts to serve the UN without success. Plaintiffs made four separate attempts to serve the UN by personal delivery in accordance with Fed. R. Civ. P. 4(h)(1)(A), but UN security consistently denied them access to effectuate such personal service. Specifically, on October 10 and 11, 2013, Plaintiffs sent a process server to the UN's headquarters in New York. The process server contacted the UN Office of Legal Affairs (OLA) upon his arrival to seek to hand-deliver the documents. Lindstrom Decl. Ex. 1, at 1-2.[2] Both times, UN security refused to let the server enter the premises, and representatives from OLA declined to meet him at security to receive the documents or to escort him through security. *Id.* Instead, representatives from OLA informed the process server that the UN would accept service by mail or facsimile and gave him a facsimile number to which the process could be faxed. *Id.*

On November 27, 2013, Plaintiffs again sent a process server to UN headquarters. Again, he was denied access to the premises. Lindstrom Decl. Ex. 2. UN security

---

[2] "Lindstrom Decl." refers to the Declaration of Beatrice Lindstrom in Support of Plaintiff's Motion for Affirmation that Service Has Been Made, or, in the Alternative, for Service of Process by Alternative Means and to Extend the Time to Effectuate Service filed herewith.

instructed him to attempt service at an adjacent UN office.  Upon arrival at that office, the process server was again refused access by security.  *Id.*

Therefore, on December 11, 2013, Plaintiffs complied with the UN's request for service via facsimile, using the fax number provided by OLA.  Lindstrom Decl. Ex 3.  On December 19, 2013, Plaintiffs' counsel called OLA, which confirmed that the office had received the faxed process, and that the UN was "reviewing the documents."  *Id.*

Also in accordance with OLA's instructions, Plaintiffs sent process to the UN on December 30, 2013, via certified mail.  Lindstrom Decl. Ex. 4.  On the same day, Plaintiffs additionally sent process, along with a Waiver of the Service of a Summons, to the UN in accordance with Fed. R. Civ. P. 4(d)(1).  Lindstrom Decl. Ex. 5.  To date, the UN has failed to return the Waiver, even though the thirty-day period provided under Fed. R. Civ. P. d(1)(F) for it to do so has elapsed.  *See id.*  Plaintiffs, in an effort to provide Defendant UN with the opportunity to act in good faith and return the Waiver or answer the summons after receiving process in the manner it requested, waited until after the expiration of that deadline to seek relief from this Court, as they do now.

**B.      *Service of process by mail and facsimile comports with the requirements of due process in this case.***

Due process requires that service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988(GBD), 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007); *see also Mullane v. Cent. Hanover Trust Co.*, 339 U.S. 306, 314 (1950); *D.R.I., Inc. v. Dennis*, No. 03 Civ. 10026(PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 2, 2004).  Plaintiffs' service of the UN by mail and facsimile satisfies that requirement because the OLA specifically advised

that it accepts service by those means and because the summons and complaint have actually been received by the UN by both facsimile and mail.  *See Philip Morris USA Inc.*, 2007 WL 725412, at *3 (approving service by fax and e-mail). In fact, the UN has verbally confirmed receipt of the faxed process, and U.S. Post Office records demonstrate that the mailed process was successfully delivered to the UN.  Lindstrom Decl. Ex. 6.

Moreover, there is no question that Defendant and its top officers are fully aware of this action, as the UN has spoken publicly about this lawsuit at several press briefings. Lindstrom Decl. Ex. 7 (declining to respond substantively to media questions about "the lawsuit filed today in Federal Court in New York against the United Nation, seeking damages or cholera victims in Haiti," on the basis that "the legal process is under way" and "it is a matter that is now something under litigation").  Additionally, Plaintiffs have successfully served the other three defendants in this case using traditional means.  By serving these defendants— UN Secretary-General Ban Ki-moon, who is the UN's most senior officer; Edmond Mulet, who presently serves as UN Assistant Secretary-General; and the UN Stabilization Mission in Haiti, a subordinate organ of the UN— it is reasonable to conclude that the UN has both actual and constructive notice of this action.

As this Court has done in other cases where service by traditional means was unsuccessful and plaintiffs employed alternate means compliant with due process to serve the defendants, it should find that Plaintiffs in this case have completely and effectively served Defendant UN by mail and facsimile.  *See e.g.*, *Noble v. Crazytees, Inc.*, No. 13-cv-5086 (PAE), slip op. at 1.  Such a finding is proper in this case, as it would be consistent with the principles of due process that underlie service requirements, and it would permit the matter to proceed without undue and unnecessary delay.

## II.    ALTERNATIVELY, THIS COURT SHOULD PERMIT SERVICE BY CERTIFIED MAIL, FACSIMILE AND ELECTRONIC MAIL.

In the event that the Court finds that service is not complete and effective, Plaintiffs seek permission from the Court to serve the UN by alternate means—specifically, by certified mail, return receipt requested; facsimile; and electronic mail—because service by traditional means has proved impracticable.

### A.    *N.Y. Civil Practice Law and Rules (C.P.L.R.)—rendered applicable in this case through the Federal Rules of Civil Procedure—permit service by alternate means when service is impracticable.*

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, process may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Thus, in this case, Plaintiffs may accomplish service in accordance with New York's law regarding service of process.  Under New York law, it is proper for a court to direct service by alternate means where the plaintiff has shown that service under the customary statutory methods of service is "impracticable."  *See, e.g.*, N.Y. C.P.L.R. § 311(b) ("If service upon a domestic or foreign corporation within the one hundred twenty days allowed by … this article is impracticable under paragraph one of subdivision (a) of this section or any other law, service upon the corporation may be made in such manner, and proof of service may take such form, as the court, upon motion without notice, directs."); *see also* N.Y. C.P.L.R. § 308(5) (permitting service upon a natural person "in such manner as the court … directs") & N.Y. C.P.L.R. § 310(e) (permitting service upon a partnership "in such manner as the court … directs").

As described above, Plaintiffs' numerous different attempts to serve the UN by traditional measures, including personal delivery and request for a waiver, have

demonstrated that such service is impracticable in this case.  Plaintiffs also complied with Defendant's requests to be served by mail and facsimile, expecting that Defendant would act in good faith and return service in a timely manner.  Because Defendants have not done so, Plaintiffs now turn to the Court for relief.

      **B.**      ***Service by certified mail, facsimile and electronic mail are acceptable and appropriate alternative methods of service that should be permitted in this case.***

N.Y. C.P.L.R. § 311(b) (along with §§ 308(5) and 310(e)) provides that the Court, upon motion without notice, may exercise its discretion to fashion any alternate method of service that is appropriate in a particular case.  *Dobkin v. Chapman,* 21 N.Y.2d. 490, 498-99 (N.Y. 1968) (affirming the court's broad power to prescribe alternate methods of service).  Courts have approved a variety of methods, including: service on a defendant's attorney, *Kelly v. Lewis*, 632 N.Y.S.2d 186 (N.Y. App. Div. 1995); service on a defendant's insurer, *Rego v. Thom Rock Realty Co.*, 608 N.Y.S.2d 824 (N.Y. App. Div. 1994); service on a defendant's family member, *Sybron Corp. v. Wetzel,* 403 N.Y.S.2d 931 (N.Y. App. Div. 1978); and service by mail alone to a defendant's last known address and other possible mailing addresses, *Arroyo v. Arroyo,* 351 N.Y.S.2d 536 (N.Y. Sup. Ct. 1974).  Due process requires the method to be reasonably calculated to provide notice, but "[i]t is hornbook law that a constitutionally proper method of effecting substituted service need not guarantee that in all cases the defendant will in fact receive actual notice."  *Hollow v. Hollow*, 747 N.Y.S.2d 704, 708 (N.Y. Sup. Ct. 2002) (citation omitted).

Plaintiffs respectfully request that alternative service in this case be comprised of:

1.      Mailing the Summons and Complaint via certified mail, return receipt requested, to:

     a)      Miguel de Serpa Soares, Under-Secretary-General for Legal Affairs and United Nations Legal Counsel, at United Nations Headquarters, 760 United Nations Plaza, New York, New York 10016;

     b)      Stephen Mathias, Assistant Secretary-General for Legal Affairs for the United Nations, at United Nations Headquarters, 760 United Nations Plaza, New York, New York 10016; and

     c)      Ban Ki-moon, Secretary-General of the United Nations, at Office of the Secretary-General, United Nations Headquarters, 760 United Nations Plaza, New York, New York 10016.

2.      Faxing the Summon and Complaint to:

     a)      UN Office of Legal Affairs, fax number 212-963-6430.

3.      E-mailing the Summons and Complaint to:

     a)      Mae Arkoncel, Assistant to the Under-Secretary-General for Legal Affairs and United Nations Legal Counsel, at arkconcel@un.org;

     b)      Stephen Mathias, Assistant Secretary-General for Legal Affairs, at mathiass@un.org.

The Court has previously held that court-ordered service by certified mail, return receipt requested, and by facsimile, is reasonably calculated to provide notice. *See United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012)

(permitting service on foreign defendants via mail to their U.S. counsel for foreign defendants); *Philip Morris USA Inc.*, No. 2007 WL 725412, at *8-9 (permitting service by fax and email); *D.R.I., Inc.*, 2004 WL 1237511, at *2 (permitting service of process by certified mail, email and publication).  Indeed, this Court has previously permitted service by certified mail and e-mail on the UN Development Programme (an agency of the UN), which had similarly avoided all of the attempts by the plaintiff to effectuate service by personal delivery, mail, and other means.  *Sadikoglu v. UNDP*, No. 11-cv-00294-PKC, Order Granting Plaintiff's Motion to Extend Time and for Service by an Alternative Method, at 2 (S.D.N.Y. May 9, 2011) (J. Castel).  Service by the requested means is also reasonably calculated here, particularly where Defendant UN itself, through OLA, has directly advised Plaintiffs to deliver the Complaint and Summons via mail and facsimile.  By sending certified mail, return receipt requested, Plaintiffs can track that the Complaint and Summons do, in fact, reach the UN.  Plaintiffs also know that the above fax number is accurate and functioning, as the UN confirmed receipt of the prior attempt of service at that number.

Service by e-mail also satisfies the requirements of due process in this case.  *See Hollow*, 747 N.Y.S.2d 708. ("No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut."). This case also bears factual resemblance to *Hollow v. Hollow*, in which the court found that under New York law, service could properly be effectuated by e-mail.  747 N.Y.S.2d 704, *reaff'd by D.R.I., Inc.*, 2004 WL 1237511; *see also Safadjou*, 964 N.Y.S.2d 801; *Snyder*, 857 N.Y.S.2d 442.  In that case, the court approved service by e-mail where in-person service was impracticable because

the defendant "worked and lived full-time in a high security company compound where armed guards were under orders not to allow a process server access." *Snyder*, 857 N.Y.S.2d at 447 (discussing *Hollow*).  As this Court recently stated in *F.T.C. v. PCCare247 Inc.*, "[s]ervice by e-mail alone comports with due process where a plaintiff demonstrates that the e-mail is likely to reach the defendant."  No. 12 Civ. 7189(PAE), 2013 WL 841037, at *4 (S.D.N.Y Mar. 7, 2013).  Here, serving process on the UN's Legal Counsel's Assistant using the email address noted above is very likely to reach Defendant UN because counsel for Plaintiffs previously used that address to successfully present the UN with legal papers associated with the predecessor claims to this lawsuit. *See* Compl. ¶¶ 41-42 (describing claims pending in the UN's internal claims process).

Furthermore, any concerns regarding adequate notice are unwarranted in this case, given Plaintiffs' numerous prior attempts to serve the UN, the UN's confirmed receipt of process via facsimile, and the UN's public acknowledgement that it is aware of the pending action.  Lindstrom Decl. Ex. 3; Lindstrom Decl. Ex. 7.

## III.   PLAINTIFFS SHOULD BE GRANTED AN EXTENSION OF TIME TO SERVE PROCESS ON THE UN BY ALTERNATIVE MEANS.

Plaintiffs have made diligent efforts with respect to service—including numerous timely attempts by hand delivery, mail, and facsimile—yet the UN has evaded service and failed to enter an appearance.  If the Court does not deem that service is complete and effective, good cause exists to extend the time by which Plaintiffs must serve the UN so that service may be properly effectuated under any alternative methods that may be ordered by the Court.  *See Sadikoglu*, Order Granting Plaintiff's Motion to Extend Time and for Service by an Alternative Method, at 1 (granting an extension to allow for service of a UN agency by publication).  Therefore, pursuant to Rule 6(b)(1)(A) of the Federal

Rules of Civil Procedure, Plaintiffs respectfully request additional time in which to accomplish such service.[3]

<u>**CONCLUSION**</u>

Based on the foregoing, Plaintiffs respectfully request that this Court affirm that Plaintiffs have completely and effectively served process on Defendant UN; or, in the alternative, order service on the UN by mail, facsimile and electronic mail.  If this Court orders alternative service, Plaintiffs respectfully request an extension of time by which service on the UN must be accomplished.

Dated: February 4, 2014                    Respectfully submitted,


                                           */s/: Beatrice Lindstrom*
                                           Beatrice Lindstrom (S.D.N.Y. # BL 8321)
                                           Brian Concannon, Jr.
                                           Institute for Justice & Democracy in Haiti
                                           666 Dorchester Ave.
                                           Boston, MA 02127
                                           Tel: (617) 652-0876

                                           Ira Kurzban
                                           Kurzban Kurzban Weinger Tetzeli & Pratt P.A.
                                           2650 S.W. 27th Avenue, Second Floor
                                           Miani, Florida 33133
                                           (305) 444-0060


                                           *Attorneys for Plaintiffs*

---

[3] In accordance with Rule 1(C) of the Individual Practices for Civil Cases for U.S. District Judge Paul Oetken, Plaintiffs state the following: (1) the original date by which service of process on Defendant UN was scheduled to be accomplished is February 6, 2014; and the new date requested is March 8, 2014; (2) there have been no previous requests for adjournment or extension; and (3) Plaintiffs are unable to determine whether the UN consents to this request for an extension, as the UN has generally refused to discuss or respond to the lawsuit.