# EXHIBIT 12

must be accorded to international organization is given.

In *Arie Spaans v. Iran-United States Claims Tribunal*, a more appropriate course was taken.[68] The Dutch Supreme Court had to pronounce itself on the admissibility of an action brought against the organization by a former employee. The Court started out by drawing attention to the inherent conflict referred to at the beginning of this chapter; two interests which, in its view, were "irreconcilable".[69] Firstly, the Court noted the interest of the organization to be in a position to effectively and independently perform the functions for which it was established. On the other hand, the Court stressed the importance of the principle that a party, dealing with the organization should, in case of a dispute, have recourse to an independent judicial organ. In practice, the Supreme Court concluded, weighing these two interests must lead to the conclusion that immunity from national jurisdiction should be accorded to the organization for all its official acts, as interpreted in the light of its functions and purposes. Rightly, the relationship between an international organization and its employees was considered to fall within the official activities of the organization. And rightly as well, much weight was given to the fact that an adequate alternative means of redress, provided for by the organization, was available to Spaans.[70]

## 6. SETTLEMENT OF PRIVATE LAW DISPUTES

The fact that most international organizations are shielded from the domestic jurisdiction of the courts of their host state, should not mean that suppliers of goods and services to the organization have no means to enforce their rights. The availability of proper alternative means of redress for private parties dealing with the organization can be considered a precondition for granting immunity from suit.

To reconcile what the Dutch Supreme Court called the two irreconcilable interests between an international organization, which must have the maximum of freedom for the effective fulfilment of its functions, and a private party who seeks redress for rights that have allegedly been violated by the

---

68. Arie Spaans v. Iran-United States Claims Tribunal, 1986-I NJ No. 438.
69. *Id.*, at 1693.
70. *Id.*, at 1693. In a manner similar to most international officials, Spaans had been appointed by the chief executive officer of the organization, in this case the Secretary-General of the Tribunal. The judges of the Tribunal itself act as administrative court for disputes between the Secretary-General and his staff. It must be assumed that redress through the Tribunal is an adequate procedure in conformity with basic human rights standards.