# EXHIBIT 14



# UNESCO - United Nations Educational, Scientific and Cultural Organisation and others v. Max-Henri Boulois, " Cour d'Appel [Court of Appeal], Paris,, 19 June 1998

*Facts*

On 21 June 1996, UNESCO and Mr. Boulois entered into a contract containing an arbitration clause.

On 20 October 1997, alleging the existence of a dispute relating to the performance of the contract, Mr. Boulois obtained an order in summary proceedings (*ordonnance de référé*) from the President of the Paris Court of First Instance directing UNESCO to appoint an arbitrator within fifteen days.

UNESCO appealed, maintaining that there was no dispute between the parties and relying on its immunity from jurisdiction based on Art. 12 of the France-UNESCO Agreement of 2 July 1954; it also argued that the President of the *Tribunal de Grande Instance* wrongly inferred a waiver of immunity from the existence of an arbitration clause in the contract with Mr. Boulois.

The Court of Appeal affirmed the decision of the President, reasoning that immunity from jurisdiction should not be a means to escape from the principle of *pacta sunt servanda*.

*Excerpt*

**I. Immunity From Jurisdiction**

[1] "The immunity from jurisdiction on which UNESCO relies cannot allow it to escape from the principle of *pacta sunt servanda* by refusing to appoint an arbitrator according to the arbitration clause in the contract with  page "294" Max-Henri Boulois on the ground, which falls squarely under the sole appreciation of the arbitrators, that there is no dispute as to the performance of the said contract.

[2] "Further, granting appellant's request against Mr. Boulois would inevitably lead to preventing [Mr. Boulois] from bringing his case to a court. This situation would be contrary to public policy as it

---

**Author**

Albert Jan van den Berg

**Jurisdiction**

France

**Court**

" Cour d'Appel [Court of Appeal], Paris,

**Case date**

19 June 1998

**Parties**

Appellant, UNESCO – United Nations Educational, Scientific and Cultural Organisation, in the person of its legal representatives (France) Appellee, Max-Henri Boulois (France)

**Key words**

immunity from jurisdiction
*pacta sunt servanda*
European Convention on Human Rights (Art. 6)

**Publication Source**

Revue de l'arbitrage (1999, no. 2) pp. 343-

constitutes a denial of justice and a violation of the provisions of Art. 6(1) of the European Convention for the Protection of Human Rights and Fundamental Liberties; thus, the state court – which furthermore intervenes in the present case only as a supporting court (*juge d'appui*) – should grant the appellee's request.

[3]  "For these reasons and the reasons given by the lower court, which this Court takes as its own, the attacked order shall be fully affirmed on this point."

### II. Inadmissibility of the Appeal

[4]  "In opposition to the order rendered by the President of the Paris Court of First Instance based on Art. 1444(1) of the New Code of Civil Procedure, [1] the appeal filed by UNESCO does not allege that the arbitration clause in ... the contract signed by the parties on 21 June 1996 is manifestly null or insufficient to allow for the constitution of the arbitral tribunal, and the appeal must be declared inadmissible according to Art. 1457(1) of the same Code."[2] page "295"

345 with note Ch. Jarrosson, pp. 345-349

**Source**

**UNESCO - United Nations Educational, Scientific and Cultural Organisation and others v. Max-Henri Boulois, " Cour d'Appel [Court of Appeal], Paris,, 19 June 1998** in Albert Jan van den Berg (ed), Yearbook Commercial Arbitration 1999 - Volume XXIV, Volume XXIV (Kluwer Law International 1999) pp. 294 - 295

---

[1]  Art. 1444(1) of the French New Code of Civil Procedure reads:

> "If, after the dispute has arisen, the constitution of the arbitral tribunal encounters a difficulty due to the acts of one of the parties or with respect to the functioning of the method of appointment, the President of the *Tribunal de Grande Instance* shall appoint the arbitrator or arbitrators."

[2]  Art. 1457(1) of the French New Code of Civil Procedure reads:

> "In the cases covered by Arts. 1444, 1454, 1456 and 1463, the President of the court, seized as in urgent proceedings (*référé*) by a party or the arbitral tribunal, shall decide by non-appealable order."

© 2013 Kluwer Law International BV (All rights reserved).
KluwerArbitration is made available for personal use only. All content is protected by copyright and other intellectual property laws. No part of this service or the information contained herein may be reproduced or transmitted in any form or by any means, or used for advertising or promotional purposes, general distribution, creating new collective works, or for resale, without prior written permission of the publisher.
If you would like to know more about this service, visit www.kluwerarbitration.com or contact our Sales staff at sales@kluwerlaw.com or call +31 (0)172 64 1562.