# EXHIBIT 22

alleged would, in principle, form part of the merits and (b) where it is invoked ex parte by a respondent State simply by way of prejudice as a principle of international public policy constituting a bar to the admissibility of the claim. Each case called for contextual analysis and careful characterization.

**(c)   Special Rapporteur's concluding remarks**

236.   The Special Rapporteur observed that the clean hands doctrine was an important principle of international law that had to be taken into account whenever there was evidence that an applicant State had not acted in good faith and that it had come to court with unclean hands. It was to be distinguished from the *tu quoque* argument, which allowed a respondent State to assert that the applicant State had also violated a rule of international law, and was instead to be confined to cases in which the applicant State had acted improperly in bringing a case to court. He further acknowledged the various criticisms that had been raised as to his treatment of the doctrine in his report, and observed that some members had rightly noted that the report omitted a consideration of the doctrine in the case concerning *Certain Phosphate Lands in Nauru (Nauru v. Australia)* case.[157]

### 2. Other issues

**(a)   Summary of the debate**

237.   As regards the draft articles adopted on first reading in 2004, the view was expressed that the draft articles had been prematurely transmitted to the General Assembly, since the draft dealt only with the conditions for the exercise of diplomatic protection. No guidance was given on questions such as who could exercise such protection; how it should be exercised; what the consequences of its exercise were; how to evaluate harm in cases involving the exercise of diplomatic protection; and the justification of the rule, under article 2 of the draft articles, that only a State had the right to exercise diplomatic protection, while an individual had no actual right to be compensated, even if the State responsible discharged its obligations in terms of

---

[157] *Preliminary Objections*, Judgment, *I.C.J. Reports*, 1992, p. 240 at p. 255, paras. 37-38. See also *Preliminary Objections of the Government of Australia*, December 1990, vol. I, part V, chap. II, sect. I, paras. 400-406.

114