# EXHIBIT D

United Nations ● Nations Unies

HEADQUARTERS • SIEGE    NEW YORK, NY 10017
TEL.: 1 (212) 963.1234 • FAX: 1 (212) 963.4879

REFERENCE:

12 May 2014

Excellency,

<u>Complaint in the United States District Court for the Eastern District of New York—
*Laventure, et al. v. United Nations, et al.*</u>

      I write to inform you that the United Nations has become aware of the filing of the above-mentioned Complaint filed by Marie Laventure et al. against the United Nations, the United Nations Stabilization Mission in Haiti (MINUSTAH) and, in their official capacities, (i) Ban Ki-Moon, Secretary-General of the United Nations; (ii) Edmond Mulet, former Special Representative of the Secretary-General for Haiti and Head of MINUSTAH, now Assistant Secretary-General for Peacekeeping Operations; (iii) Chandra Srivastava, former chief engineer for MINUSTAH; (iv) Paul Aghadjanian, former Chief of Mission Support for MINUSTAH; (v) Pedro Medrano, Assistant Secretary-General, Senior Coordinator for the Cholera Response in Haiti; and (vi) Miguel de Serpa Soares, Under-Secretary-General for Legal Affairs and UN Legal Counsel. The Complaint is related to the cholera outbreak that occurred in Haiti in 2010.

      In this connection, I wish to refer to a similar complaint filed against the United Nations in the United States District Court for the Southern District of New York on 9 October 2013, my letter of 20 December 2013 requesting the competent United States authorities to take appropriate action to ensure the full respect for the privileges and immunities of the United Nations and its officials in relation to that case and my subsequent letter of 10 February 2014 informing the United States that notwithstanding the Plaintiffs' claims to the contrary, the United Nations had not waived its immunity nor had it accepted service of process in that case. I wish to thank the United States for its decision to intervene in that case and filing a statement of interest on 7 March 2014 consistent with my request, and for its continued engagement in the case with a view to ensuring that the privileges and immunities of the United Nations are respected.

      With respect to the subject Complaint filed in the United States District Court for the Eastern District of New York, I hereby similarly return the copy of the Complaint and respectfully request the competent United States authorities to take appropriate action to ensure full respect for the privileges and immunities of the United Nations and its officials, in accordance with the obligations of the United States under both international and United States law.

Her Excellency
Ms. Samantha Power
Permanent Representative of the United States
 to the United Nations
New York

As you are aware, the United Nations is an international inter-governmental organization established pursuant to the Charter of the United Nations (hereinafter referred to as "the UN Charter"), a multilateral treaty signed on 26 June 1945. The UN Charter was ratified by the Government of the United States of America on 8 August 1945 and came into force in the United States on 28 October 1945. *See* UN Charter, 59 Stat. 1031 (1945).

As an international organization, the United Nations has been accorded certain privileges and immunities which are necessary for the fulfillment of its purposes. Article 105 of the UN Charter provides the general basis for the privileges and immunities of both the United Nations and its officials. Pursuant to Article 105, paragraph 1 of the UN Charter, "[t]he Organization shall enjoy in the territory of each of its Members such privileges and immunities as are necessary for the fulfilment of its purposes". Article 105, paragraph 2 provides that "officials of the Organization shall similarly enjoy such privileges and immunities as are necessary for the independent exercise of their functions in connexion with the Organization". Article 105, paragraph 3 stipulates that "[t]he General Assembly may make recommendations with a view to determining the details of the application of paragraphs 1 and 2 of this Article or may propose conventions to the Members of the United Nations for this purpose". UN Charter, Art. 105.

In order to give effect to Article 105 of the UN Charter, the General Assembly of the United Nations adopted the Convention on the Privileges and Immunities of the United Nations (hereinafter referred to as "the General Convention") on 13 February 1946. 1 U.N.T.S. 15 (1946), General Convention, Art. II, 21 U.S.T. at 1422. The United States of America acceded to the General Convention on 29 April 1970. 21 U.S.T. at 1418; [1970] TIAS No. 6900. As a subsidiary organ of the United Nations, MINUSTAH is also entitled to the privileges and immunities provided for in the General Convention.

Article II, Section 2 of the General Convention provides that "[t]he United Nations, its property and assets wherever located and by whomsoever held, shall enjoy immunity from every form of legal process except insofar as in any particular case it has expressly waived its immunity. It is, however, understood that no waiver of immunity shall extend to any measure of execution". The immunity provided for under Article II is absolute and is neither qualified nor limited in any way under the terms of the General Convention. Any exception to the provision that an express waiver is required would render the applicable immunity void and risk the United Nations being embroiled in litigation in its 193 Member States, thereby defeating the purpose of the immunity granted to it by its Member States.

I hereby respectfully wish to inform you that the United Nations has not waived and is expressly maintaining its immunity with respect to the above-mentioned Complaint.

I further wish to inform you that the provisions in paragraph 54 of the Agreement between the United Nations and the Government of Haiti concerning the

status of the United Nations Operation in Haiti, signed on 9 July 2004, do not constitute a waiver of the immunity of the Organization. The provisions in that paragraph do not relate to the issue of immunity, but rather to the issue of dispute settlement. Since pursuant to the General Convention each waiver of immunity must be express and in relation to a specific case, this provision cannot constitute a waiver of the Organization's immunity with respect to the above-mentioned Complaint.

With respect to the named individual defendants, I wish to note that pursuant to Article V, Section 18(a) of the General Convention, these individuals are "immune from legal process in respect of words spoken or written and all acts performed by them in their official capacity". Furthermore, pursuant to Article V, Section 19 of the General Convention and by virtue of their official rank, Mr. Ban Ki-Moon (Secretary-General of the United Nations), Mr. Mulet (Under-Secretary-General at the time of the cholera outbreak and currently Assistant Secretary-General), Mr. Medrano (Assistant Secretary-General) and Mr. Serpa Soares (Under-Secretary-General), enjoy "the privileges and immunities, exemptions and facilities accorded to diplomatic envoys, in accordance with international law". Pursuant to Article 31 of the Vienna Convention on Diplomatic Relations (hereinafter, "the Vienna Convention"), 500 UNTS 95 (18 April 1961), which entered into force with respect to the United States on 13 December 1972, 23 U.S.T. 3227; TIAS No. 7502, diplomatic envoys enjoy immunity from criminal, civil and administrative jurisdiction of the host country.

Pursuant to Article V, Section 20 of the General Convention, it is the Secretary-General who has the sole authority to waive the immunity of officials of the Organization while the Security Council has the authority to waive the immunity of the Secretary-General himself. In this case, the claims made by the plaintiffs against all of the individual defendants relate to actions undertaken or alleged omissions by them in the performance of their official functions.

Specifically, with respect to Mr. Ban, the Complaint states that he is and was at all relevant times Secretary-General of the United Nations, and that, as such, "he has and had overall responsibility for the management of the United Nations and its operations, including all operations in Haiti". With respect to Mr. Mulet, the Complaint states that he was the Special Representative of the Secretary-General [for Haiti] and Head of MINUSTAH, and mentions that pursuant to relevant Security Council resolutions, Mr. Mulet "had overall authority on the ground for the coordination and conduct of all activities of the United Nations agencies, funds and programmes in Haiti". With respect to Mr. Medrano, the Complaint states that he is the United Nations Senior Coordinator for the Cholera Response in Haiti and is "currently responsible to coordinate the United Nations' cholera response in Haiti". Finally, with respect to Mr. Miguel de Serpa Soares, the Complaint states that he is the Under Secretary General for Legal Affairs and is "currently responsible for all legal affairs and issues arising from the United Nations' cholera response".

With respect to Ms. Srivastava, the Complaint states that she was the chief engineer for MINUSTAH during the relevant time and "was responsible for the environmental unit and sanitation unit in Haiti during the mission". With respect to

Mr. Aghadjanian, the Complaint states that he was Chief of Mission Support for MINUSTAH during the relevant time and "was responsible for the contribution and implementation of the mission/office mandate by providing the necessary managerial, logistical and administrative support required for the fulfilment of the mandate…."

Therefore, the Secretary-General, Mr. Mulet, Mr. Medrano and Mr. Serpa Soares enjoy both diplomatic immunity and functional immunity under the General Convention, while Ms. Srivastava and Mr. Aghadjanian enjoy functional immunity, in relation to the present Complaint unless their immunity has been waived, which it has not. The United Nations is expressly asserting the immunity of the Secretary-General, Mr. Mulet, Mr. Medrano, Mr. Serpa Soares, Ms. Srivastava and Mr. Aghadjanian in relation to the above-referenced Complaint.

I further wish to inform you that the Complaint indicates that "[m]embers of the proposed Class filed claims against Defendants UN and Ban Ki-Moon" before filing suit in the district court. The United Nations has previously considered other claims related to the same cholera epidemic in Haiti and determined that they are not receivable pursuant to Section 29 of the General Convention as consideration of these claims would necessarily include a review of political and policy matters. The United Nations maintains that the claims referred to in this Complaint are similarly not receivable.

Pursuant to Section 34 of the General Convention, the Government of the United States undertook an obligation to be "in a position under its own law to give effect to the terms of this Convention". Any interpretation of the provisions of the General Convention must be carried out within the spirit of the underlying provisions of the UN Charter, and in particular Article 105 thereof, which provides that "the Organization shall enjoy such privileges and immunities as are necessary for the fulfilment of its purposes".

In view of the above, please be advised that the United Nations has not waived, and indeed, expressly maintains the privileges and immunities of the United Nations and its officials in respect of the above-mentioned Complaint in the United States District Court for the Eastern District of New York. Accordingly, I wish to respectfully request the Government of the United States to take the appropriate steps with a view to ensuring that the privileges and immunities of the United Nations and its officials are maintained in respect of this legal action.

I further wish to advise you that despite the Plaintiffs' efforts to deliver the Complaint and summons to the United Nations by various means, including by facsimile, the United Nations maintains its immunity in respect of such purported service and therefore has not, and does not, accept such service.

In this connection, I wish to recall, as noted in my 10 February 2014 letter, that Article 9 (a) of the Agreement regarding the Headquarters of the United Nations, approved by the General Assembly on 31 October 1947, provides that the service of

process in the Headquarters District can only take place with the consent of and under conditions prescribed by the Secretary-General. The Secretary-General of the United Nations has not prescribed any conditions under which service by mail or facsimile would be allowed. Accordingly, the United Nations has not agreed to service and, in the absence of its consent, no service against it or its officials has been duly effected in this matter.

Finally, I take this opportunity to inform you that since the outbreak of the disease, the United Nations, in cooperation with other partners, has been assisting the Government of Haiti in combating and eradicating cholera in Haiti. In December 2012, the Secretary-General launched his special effort to support the Initiative by the Governments of Haiti and the Dominican Republic for the Elimination of Cholera in the Island of Hispaniola. In August 2013, the Secretary-General appointed a Senior Coordinator for the Cholera Response in Haiti to work closely with the relevant United Nations agencies, funds and programmes as well as the World Bank, Inter-American Development Bank, NGOs and other key actors to ensure a coherent and effective response to the issue of cholera in Haiti.

Recently, the Organization and the Government of Haiti established the High Level Committee for the Eradication of Cholera which will address the underlying conditions that made the outbreak possible with a view to improving access to water, sanitation, hygiene and health-care facilities for the population of Haiti as a whole. The establishment of the joint committee is a unique collaboration between the United Nations and the Government of Haiti, which will focus on the provision of social and economic assistance to affected communities, with special emphasis on persons affected by the disease. Please find enclosed a copy of the exchange of letters between the Government of Haiti and the United Nations of 2 and 11 April 2014 constituting an agreement on the establishment of the High-Level Committee for the Eradication of Cholera.

Please accept, Excellency, the assurances of my highest consideration.

Miguel de Serpa Soares
Under Secretary-General for Legal Affairs
and United Nations Legal Counsel